[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Joseph A. McDonald appeals the trial court's judgment sentencing him to twenty-nine days in jail for violating previously imposed community control sanctions. At the original sentencing hearing for the underlying crimes, the court notified McDonald that a violation could result in a sentence up to six months in jail. He asserts that the court failed to comply with R.C. 2929.25(A)(3) by not advising him of the exact jail term it would impose for community control violations. Because of this failure, he contends that the court cannot impose any jail term as a sanction for his violation.
 {¶ 2} However, unlike the felony statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator if the court did not notify the defendant at the original sentencing hearing of the specific jail term the court would impose for any violations. Before imposing a jail sanction, all the misdemeanor statute requires is notice that the court can "(I)mpose a definite jail term from the range of terms authorized * * *." The notice and the sentence satisfied that requirement. Therefore, we affirm the court's judgment.
 {¶ 3} In May of 2004, the trial court convicted McDonald of operating a motor vehicle while under the influence and carrying a concealed weapon. The court sentenced him to one year community control sanctions. At the hearing, the court informed McDonald that if he failed to comply with the community control sanctions, he could "be brought back in to court and sentenced up to six months in jail * * *." Additionally, the judgment entry states that "Defendant was advised that the Community Control Sanctions may remain in effect for up to five years and that if Defendant violates any Community Control Sanction, then Defendant may be re-sentenced to the maximum sentence allowed by law."
 {¶ 4} In October of 2004, McDonald admitted violating the community control sanctions and the trial court sentenced him to twenty-nine days in jail. He timely appealed the trial court's judgment and assigns the following error:
The court below erred by sentencing the defendant to a jail term following a violation of community control sanctions, after the court failed to give the statutory[ily] required warnings at the original sentencing.
 {¶ 5} In his sole assignment of error, McDonald argues that because the trial court did not previously notify him of the specific sentence it would impose for community control violations, the court cannot impose any jail time as a sanction. He urges us to apply the reasoning in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837 to reach that result.
 {¶ 6} In Brooks, the court construed felony community control statutes and held:
1. Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing.
2. Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
Id. at paragraphs one and two of the syllabus.
 {¶ 7} In reaching its decision, Brooks observed that R.C. 2929.19(B)(5) requires the court sentencing a felony offender to notify the offender that if he violates community control, "`the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specificprison term that may be imposed as a sanction for the violation, asselected by the court from the range of prison terms for the offensepursuant to section 2929.14 of the Revised Code.'" Brooks, at ¶ 6, quoting R.C. 2929.19(B)(5) (emphasis sic and added). The court also referred to R.C. 2929.15(B), which provides that if an offender violates community control and "the court chooses to impose a prison term under R.C. 2929.14, the prison term `shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [sic, (B)(5)] of section 2929.19 of the Revised Code.'" Id. at ¶ 7.
 {¶ 8} Unlike Brooks, this case does not involve felony sentencing under either R.C. 2929.19 or 2929.15. Thus, unless the misdemeanor sentencing statutes are sufficiently similar to the dispositive language in R.C. 2929.19 and 2929.15, Brooks does not control our analysis.
 {¶ 9} R.C. 2929.25 governs misdemeanor community control sanctions. R.C. 2929.25(A)(3)(a)-(c) requires a court sentencing an offender to community control sanctions to notify the offender of what the court may do if the offender violates those sanctions: (1) "Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;" (2) "Impose a more restrictive community control sanction under section 2929.26, 2929.27, or2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;" or (3) "Impose a definite jail termfrom the range of jail terms authorized for the offense under section2929.24 of the Revised Code." (Emphasis Supplied.)
 {¶ 10} If the offender violates any community control sanctions, R.C.2929.25(C)(2) allows the court to impose "a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section or may impose on the violator a more restrictive community control sanction or combination of community control sanctions, including a jail term." The statute further states: "If the court imposes a jail term upon a violator pursuant to this division, the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed."
 {¶ 11} When we interpret a statute, we read words and phrases in context and construe them according to the rules of grammar and common usage. See Independent Ins. Agents of Ohio, Inc. v. Fabe (1992),63 Ohio St.3d 310, 314, 587 N.E.2d 814; R.C. 1.42. We do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. Wray v. Wymer (1991), 77 Ohio App.3d 122, 130, 601 N.E.2d 503. In other words, we may not delete words used or insert words not used.Cline v. Ohio Bur. of Motor Vehicles (1991), 61 Ohio St.3d 93, 97,573 N.E.2d 77.
 {¶ 12} None of the misdemeanor statutes McDonald cites or that our research uncovered contains the same or similar language that controlled the outcome in Brooks. The misdemeanor statutes do not have language that limits a court sentencing a misdemeanor community control violator to "the prison term specified in the notice provided to the offender at the sentencing hearing * * *." Id. at ¶ 7. Nothing in the misdemeanor statutes requires the court to "select" a jail term and "indicate the specific [jail] term" that the court may impose for community control violations. Id. at ¶ 6. The misdemeanor statute simply requires the court to notify the offender at the sentencing hearing that the court may "[i]mpose a definite jail term from the range of jail terms authorized for the offense * * *." R.C. 2929.25(A)(3)(c).
 {¶ 13} McDonald's assertion that "definite jail term" means the same as "specific prison term" is unpersuasive. McDonald omits the preceding words, "a" and "the," from the phrases. "A" describes something undefined, while "the" describes something particular. See, generally, Webster's II New College Dictionary (1999) 1 and 1143 (defining "a" as an indefinite article that is "[u]sed before nouns and noun phrases that denote a single, but unspecified, person or thing" and defining "the" as a word "[u]sed before singular or plural nouns and noun phrases that denote particular persons or things"). The felony statutes require the court to notify the offender of "the specific prison term," (emphasis supplied) but the misdemeanor statute only requires the court to notify the offender that the court may impose "a definite jail term" (emphasis supplied). In short, the misdemeanor statute, unlike the felony statutes, does not require the court to select a specific jail term and to notify the offender that the court will impose that specific sentence if the offender violates community control.
 {¶ 14} Moreover, enactment of the revisions to the misdemeanor sentencing statutes followed the revisions to the felony sentencing provisions of the code. Had the legislature desired to require courts sentencing misdemeanants to use the same procedure and give the same notices as felony courts, it presumably would have used the same language. Instead, it used different language to create different notice requirements.
 {¶ 15} Because nothing prohibited the court as a matter of law from imposing a jail term upon McDonald, his argument is meritless. Thus, we affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.