MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Richard H. Foreman appeals the trial court's judgment sentencing him to thirty days in jail for violating previously imposed community control sanctions. At the original sentencing hearing for the underlying crimes, the court notified Foreman that a violation could result in a sentence up to six month in jail. He asserts that the court failed to comply with R.C. 2929.25(A)(3) by not advising him of the exact jail term it would impose for community control violations. Because of this failure, he contends that the court cannot impose any jail term as a sanction.
 {¶ 2} As we stated previously in State v. McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503, unlike the felony statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator if the court did not notify the defendant at the original sentencing hearing of the specific jail term the court would impose for any violations. Before imposing a jail sanction, all the misdemeanor statute requires is notice that the court can "(I)mpose a definite jail term from the range of terms authorized * * *." The notice and the sentence satisfied that requirement. Therefore, we affirm the court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.