DECISION AND JUDGMENT ENTRY
{¶ 1} Danny Maxwell appeals the judgment of the Chillicothe Municipal Court that sentenced him to ninety days in jail for violating his community control sanctions. He argues that the trial court failed to inform him at the sentencing hearing that it could impose a jail term as a sanction for violating the community control sanctions and that this failure prevents the court from imposing a jail term. We agree. R.C.2929.25(A)(3) requires the court to notify an offender of the possible sanctions for violating community control at the sentencing hearing. The transcript of the hearing in this case indicates that the court did not notify Maxwell that it could impose a jail term as a sanction if he violated his community control. Because the court did not notify him of this possible sanction, it could not impose a jail term when Maxwell subsequently violated his community control.
 {¶ 2} In June 2004, Maxwell pled guilty to theft, a first-degree misdemeanor. The court subsequently sentenced him to 90 days in jail and 2 years community control sanctions. At the sentencing hearing, the court did not inform him of the possible sanctions for violating his community control. However, the judgment entry states: "Defendant was advised that the Community Control Sanctions may remain in effect for up to five years and that if Defendant violates any Community Control Sanction, then Defendant may be re-sentenced to the maximum sentence allowed by law."
 {¶ 3} In November 2004, Maxwell admitted to a violation of community control and the trial court sentenced him to 90 days in jail. He now appeals that sentence and raises the following assignment of error:
The court below erred by sentencing the defendant to a jail term following a violation of community control sanctions, after the court failed to give the statutory[ily] required warnings at the original sentencing.
 {¶ 4} Maxwell argues that the trial court cannot impose a jail term as a sanction for violating community control unless it notified the offender of the possibility of that sanction at the time it imposed the original sentence. R.C. 2929.25(A)(3) requires a trial court sentencing an offender to community control sanctions to notify the offender of what the court may do if the offender violates those sanctions. Specifically, R.C. 2929.25(A)(3) states:
At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions * * * the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:
(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
(b) Impose a more restrictive community control sanction under section2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code. (Emphasis Added.)
 {¶ 5} The use of the phrase "at sentencing" indicates that the notification required by R.C. 2929.25(A)(3) must occur at the sentencing hearing. Requiring the court to notify the offender at the sentencing hearing comports with the purpose of R.C. 2929.25(A)(3) notification, which is to make the offender aware of the possible consequences for violating community control. To most effectively achieve this goal, the notification must occur at the hearing to insure that the offender has received the necessary warnings. See, also, State v. McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503, at ¶ 12 ("The misdemeanor statute simply requires the court to notify the offender at the sentencing hearing that the court may `[i]mpose a definite jail term from the range of jail terms authorized for the offense * * *.'") (Emphasis added.)
 {¶ 6} The state argues that the court in this case notified Maxwell at the hearing that it could impose a jail term as a sanction should he violate his community control. It directs our attention to the portion of the plea hearing where the court informed Maxwell of the charges against him and the maximum penalties associated with those charges.[1]
 {¶ 7} Here, the court sentenced Maxwell immediately after it accepted his guilty plea. At the plea hearing, the court stated: "The first charge is a charge of theft. That's a first degree misdemeanor. It's punishable by up to six months in jail and a fine of up to a thousand dollars * * *."
 {¶ 8} The Supreme Court in Brooks indicated that a combined plea and sentencing hearing might be sufficient for some purposes. State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, fn.1. However, we conclude that informing an offender of the maximum penalty for a charge at the plea hearing as required by Crim.R. 11(C)(1)(a) is not the same as informing the offender that the court may impose a jail term if the offender violates community control. The one is not a substitute for the other; they are separate requirements.[2]
 {¶ 9} R.C. 2929.25(A)(3) requires a trial court to notify an offender of the possible sanctions for violating community control at the sentencing hearing. The transcript of the sentencing hearing in this case indicates the court failed to notify Maxwell that it could impose a jail term as a sanction for community control violations. Thus, we conclude the court failed to comply with the requirements of R.C. 2929.25(A)(3)(c).
 {¶ 10} Maxwell also argues that R.C. 2929.25(A)(3) requires a court to notify an offender of the specific sentence it may impose for community control violations. He notes that the statute requires a court to notify an offender that it may "[i]mpose a definite jail term from the range of jail terms authorized * * *." See R.C. 2929.25(A)(3) (Emphasis added.) He argues that requiring the court to notify an offender of the specific sentence it may impose is consistent with the decision in State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.
 {¶ 11} Recently, we rejected this same argument in detail in State v.McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503 and we reject it summarily here.
 {¶ 12} Based on our decision in McDonald, we conclude that R.C.2929.25(A)(3)(c) did not require the court to notify Maxwell of the specific term it would impose for community control violations. The statute did, however, require the court to notify Maxwell at the sentencing hearing that it may "[i]mpose a definite jail term from the range of jail terms authorized * * *." See R.C. 2929.25(A)(3)(c). The court's failure to notify Maxwell of this at the hearing constitutes error. Thus, the question becomes: What is the appropriate remedy for the court's error? We believe the Supreme Court of Ohio's decision inBrooks, 103 Ohio St.3d 134, provides the answer to that question.
 {¶ 13} When there is a sentencing error, "the usual procedure is for an appellate court to remand to the trial court for resentencing."Brooks, at ¶ 33. However, a straight remand can cause problems in community control sentencing cases in which a trial court failed to give the statutorily required notification. Id. In Brooks, the Court stated:
Due to the particular nature of community control, any error in notification cannot be rectified by `renotifying' the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.19(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.
Id. (Emphasis in original.)
 {¶ 14} Although Brooks involved the notification requirements of the felony sentencing statutes, we find its reasoning concerning the appropriate remedy equally as applicable to the misdemeanor statute. As with the felony statute, the purpose of R.C. 2929.25(A)(3) notification is to make the offender aware of the possible consequences of violating community control before any violation occurs. See, generally, Brooks, at ¶ 33. Because the trial court failed to notify Maxwell at the sentencing hearing that it could impose a jail term if he violated community control, it cannot impose a jail term as a sanction. See, generally, Id.
 {¶ 15} Normally, we would remand to the trial court for resentencing with a jail term not an option. See Brooks. However, here, the court did not notify Maxwell of any of the three possible sanctions for violating community control. The transcript of the sentencing hearing reveals that the trial court not only failed to notify him that it could impose a jail term, but it also failed to notify him that it could impose a longer time under the same community control sanction or a more restrictive community control sanction. See R.C. 2929.25(A)(3). Because the trial court did not notify Maxwell of any of the sanctions set forth in R.C. 2929.25(A)(3), there is no sanction that the court can impose for the present community control violation. See, generally, Brooks. Accordingly, we cannot remand this case for resentencing.
 {¶ 16} We recognize that this result appears to bar the court from ever imposing a sanction on Maxwell for violating his community control. But this is not necessarily true. When an offender violates community control sanctions, the trial court conducts a second sentencing hearing. See State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17. The trial court could notify the offender at this hearing of the possible sanctions for any further community control violations. See, e.g., Id., at ¶ 16-19 (Discussing community control notification under the felony statute when there are multiple violations.) Then, if a subsequent violation occurs, the trial court could choose a sanction from those that it noted at this second hearing. See, e.g., Id. at ¶ 17.
 {¶ 17} Accordingly, we sustain Maxwell's assignment of error and reverse the trial court's judgment. We remand the matter to the trial court with instructions to advise Maxwell what portion of his original community control sanction, if any, remains in effect. At that time, the court may also provide the notice required by R.C. 2929.25(A)(3).
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.
[1] At the same time he pled guilty to the theft charge, Maxwell also pled guilty to charges of obstructing official business and possession of drug paraphernalia.
[2] This is not to say that the notification of the maximum penalty given at the plea hearing cannot be useful in clarifying a court's subsequent notification about a possible jail term sanction for community control violations. For instance, if the court notifies the offender that the court may impose "up to the maximum" if the offender violates community control sanctions.