MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Mark R. Hough appeals the trial court's judgment sentencing him to five days in jail and extending his community control sanctions for violating his previously imposed community control sanctions. At his original sentencing hearing, the trial court informed Hough that a violation could result in a sentence of up to six months in jail, the maximum penalty for his underlying offense. Hough contends that the trial court failed to comply with R.C. 2929.25(A)(3) by failing to adequately advise him of the possible sanctions for a community control violation. Specifically, Hough contends that the trial court failed to advise him of: (1) the exact jail term it would impose for a community control violation; and (2) the possibility that it could impose a longer time under community control sanctions.[1]
 {¶ 2} As we have previously held, unlike the felony sentencing statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator where the court failed to notify the defendant, at the original sentencing hearing, of the specific jail term it would impose for such violations. State v. McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503. The misdemeanor statute only requires the court to give the defendant notice that it can "impose a definite jail term from the range of terms authorized * * *." R.C. 2929.25(A)(3)(c) Here, the notice the trial court provided satisfied that requirement.
 {¶ 3} In addition to sentencing Hough to five days in jail for violating the terms of his community control, the trial court also extended his community control sanctions for an additional three months. However, the trial court never advised Hough that this was a possible punishment for a community control violation as required by R.C. 2929.25(A)(3)(a). Because the trial court failed to give Hough the statutorily mandated notice that it could extend his community control sanctions in this manner, we find that the trial court could not properly impose that sanction for his community control violation. State v. Maxwell, Ross App. No. 04CA2811, 2005-Ohio-3575 (holding that where the trial court failed to inform the offender that it could impose a jail term for a community control violation, it could not impose a jail term as a sanction). See, generally, State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746.
 {¶ 4} Accordingly, we sustain Hough's assignment of error, reverse the trial court's judgment and remand this matter to the trial court for resentencing without the option of extended or more restrictive community control sanctions. At that time, the court may also provide the notice required by R.C. 2929.25(A)(3).Maxwell at ¶ 16.
Judgment reversed, and cause remanded.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for resentencing. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Municipal Court of Chillicothe to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J., Concur in Judgment and Opinion.
[1] Hough also notes that the trial court failed to advise him that it could impose more restrictive community control sanctions for a violation of his community control. However, we find the court's failure to comply with that statutory requirement is harmless error because the trial court did not actually impose more restrictive sanctions in response to Hough's community control violation. Therefore, Hough suffered no prejudice as a result.