MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Jolene A. Smittle appeals the trial court's judgment sentencing her to additional jail time and extended community control sanctions after she violated her previously imposed community control sanctions for two underlying offenses. Smittle pled guilty to the underlying offenses of: (1) criminal mischief, in violation of R.C. 2909.07, a misdemeanor of the first degree; (2), and menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree. At her original sentencing hearing, the trial court informed Smittle that a violation could result in a sentence of up to sixty days in jail in one case, and thirty days in jail in the other case, the maximum penalties for her underlying offenses.
 {¶ 2} Smittle contends that the trial court failed to comply with R.C. 2929.25(A)(3) by failing to adequately advise her of the possible sanctions for a community control violation. Specifically, Smittle contends that the trial court failed to advise her of: (1) the exact jail term it would impose for a community control violation; and (2) the possibility that it could impose a longer time under community control sanctions.
 {¶ 3} As we have previously held, unlike the felony sentencing statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator where the court failed to notify the defendant, at the original sentencing hearing, of the specific jail term it would impose for such violations. State v.McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503. The misdemeanor statute only requires the court to give the defendant notice that it can "impose a definite jail term from the range of terms authorized * * *." R.C. 2929.25(A)(3)(c). Here, the notice the trial court provided satisfied that requirement.
 {¶ 4} In addition to sentencing Smittle to five days in jail for violating the terms of her community control, the trial court also extended her community control sanctions for approximately three months beyond her original community control sentence for the criminal mischief offense. However, the trial court never advised Smittle that this was a possible punishment for a community control violation as required by R.C. 2929.25(A)(3)(a). Because the trial court failed to give Smittle the statutorily mandated notice that it could extend her community control sanctions in this manner, we find that the trial court could not properly impose that sanction for her community control violation. State v.Maxwell, Ross App. No. 04CA2811, 2005-Ohio-3575 (holding that where the trial court failed to inform the offender that it could impose a jail term for a community control violation, it could not impose a jail term as a sanction). See, generally, State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746.
 {¶ 5} Additionally, we note that the trial court failed to notify Smittle that it could impose more restrictive community control sanctions for a community control violation as required by R.C. 2929.25(A)(3)(b). Because the trial court did not impose more restrictive community control sanctions for Smittle's violation, that error is harmless.
 {¶ 6} Accordingly, we sustain Smittle's assignment of error, reverse the trial court's judgment and remand this matter to the trial court for resentencing without the option of extended or more restrictive community control sanctions. At that time, the court may also provide the notice required by R.C. 2929.25(A)(3). Maxwell at ¶ 16.
Judgment reversed, and cause remanded.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for resentencing. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Municipal Court of Chillicothe to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.