MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Crystal G. Taylor appeals the Chillicothe Municipal Court's judgment sentencing her to ten days in jail for violating previously imposed community control sanctions. At Taylor's original sentencing hearing, the trial court informed her that a violation could result in a sentence of up to thirty days in jail, the maximum penalty for her underlying offense. Taylor asserts that the trial court failed to comply with R.C.2929.25(A)(3) by failing to adequately advise her of the possible sanctions for a community control violation. Specifically, Taylor contends that the trial court failed to advise her of the exact jail term it would impose for a community control violation.
 {¶ 2} As we have previously held, unlike the felony sentencing statutes, nothing in the misdemeanor sentencing statutes prohibits a court from imposing a jail term upon a community control violator where the court failed to notify the defendant, at the original sentencing hearing, of the specific jail term it would impose for any violations. State v.McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503. The misdemeanor statute only requires the court to give the defendant notice that it can "impose a definite jail term from the range of terms authorized * * *." R.C. 2929.25(A)(3)(c). Here, the notice the trial court provided satisfied that requirement.
 {¶ 3} Accordingly, we overrule Taylor's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.