DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Katie Alleman, appeals the trial court's judgment sentencing her to thirty days in jail for violating previously imposed community control sanctions. At her original sentencing hearing, the court notified Appellant that a violation could result in a sentence of "up to six months" and a fine "up to a thousand dollars." Appellant contends that the trial court failed to comply with R.C. 2929.25(A)(3) by failing to give her the statutorily required warnings at the original sentencing hearing. Specifically, Appellant contends that the trial court failed to advise her of the specific jail term it would impose for a community control violation. Because of this failure, Appellant asserts that the trial court cannot impose a jail term as a sanction, urging us to apply the reasoning inState v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837 to reach that conclusion.
 {¶ 2} However, we have previously held otherwise in State v.McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503, State v.Smittle, Ross App. No., 05CA2827, 2005-Ohio-3577, State v.Maxwell, Ross App. No. 04CA2811, 2005-Ohio-3575, City ofChillicothe v. Hough, Ross App. No. 05CA2817, 2005-Ohio-4108, and most recently, State v. Taylor, Ross App. No. 05CA2852,2006-Ohio-136. Here, unlike the felony statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator if the court did not notify the defendant at the original sentencing hearing of the specific jail term that it would impose for any violations. The misdemeanor statute only requires the court to give the defendant notice that it can "[i]mpose a definite jail term from the range of jail terms authorized * * *." R.C. 2929.25(A)(3)(c). The notice given by the trial court below satisfied that requirement. Therefore, we affirm the trial court's judgment.
 {¶ 3} Appellant also argues that the trial court failed to provide the notices as required by R.C. 2929.25(A)(3)(a) and (b), which serve to notify defendants that the court may: (a) impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of that section, and (b) impose a more restrictive community control sanction under section 2929.26,2929.27, or 2929.28 of the Revised Code. We agree with Appellant that the trial court failed to provide these notices; however, this failure is harmless error, in light of the fact that neither of these sanctions was imposed as a result of the violation.[1]
 {¶ 4} Accordingly, we affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] All parties below should, however, recognize that in the event of a future community control violation, the trial court cannot impose sanctions under R.C. 2929.25(A)(3)(a) or (b) since Appellant was not warned at her original sentencing hearing that such sanctions could be imposed.