OPINION
{¶ 1} Defendant-appellant, Rebecca L. Fisher, appeals her sentence imposed by the Clermont County Municipal Court following a violation of the terms of her community control sanctions. We reverse the trial court's decision.
 {¶ 2} On March 26, 2004, Ohio State Highway Patrol Trooper B.K. Welling arrested appellant and charged her with operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(d),[1] and failing to drive within marked lanes in violation of R.C. 4511.33. This was appellant's second OVI charge in less than six years. Pursuant to a plea agreement, appellant, acting pro se, pleaded no contest to the OVI charge in exchange for the dismissal of the remaining charges. The trial court sentenced appellant to serve 15 days in jail, imposed a $500 fine, suspended her driving privileges for one year, ordered her to undergo alcohol abuse treatment, and placed her on community control for two years. Appellant failed to complete the required alcohol abuse treatment, which was a violation of the terms of her community control. At a hearing on the community control violation, appellant admitted to the violation, and the trial court sentenced appellant to serve 30 days in jail. Appellant appeals, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HER UPON PROBATION [sic] VIOLATION TO A JAIL TERM IN EXCESS OF THE ORIGINAL SENTENCE IMPOSED IN 04-TRC-05514."
 {¶ 5} Appellant argues the trial court improperly sentenced her to a 30-day jail term after the trial court imposed, and appellant served, a 15-day jail term sentence. Further, appellant maintains the trial court erred in imposing the 30-day sentence after failing to notify her of the consequences that could result from violating the conditions of her community control. We agree.
 {¶ 6} The Ohio Supreme Court held in Colegrove v. Burns
(1964), 175 Ohio St. 437, 438, that there is no separate, independent sentence for a community control violation. Rather, "[t]he penalty for a [community control] violation is * * * a revocation of [community control] and the imposition of the sentence on the judgment of conviction." Id., cited with approval in State v. Draper (1991), 60 Ohio St.3d 81, 83.
 {¶ 7} Appellant was convicted of violating R.C.4511.19(A)(1)(a), which is a misdemeanor of the first degree. Pursuant to R.C. 2929.24(A)(1), the trial court was authorized to impose a sentence of a definite jail term not to exceed 180 days. According to the record, the trial court imposed a definite sentence of 15 days in jail, and appellant served the entirety of that sentence immediately. Contrary to the state's assertions, the record indicates that the trial court did not impose a 180-day sentence with 165 days being suspended. Therefore, the trial court did not have the authority to impose any additional jail sentence, because appellant had already served her entire sentence on the judgment of conviction. See State v. Freshwater
(June 26, 1998), Lake App. No. 97-L-218.
 {¶ 8} Moreover, R.C. 2929.25(A)(3) provides, with respect to misdemeanor sentencing:
 {¶ 9} "At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to [R.C. 2929.25(A)(1)(a)], the court shall state the duration of the community control sanctions imposed andshall notify the offender that if any of the conditions of thecommunity control sanctions are violated the court may do any ofthe following:
 {¶ 10} "(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in [R.C. 2929.25(A)(2)];
 {¶ 11} "(b) Impose a more restrictive community control sanction under [R.C. 2929.26, 2929.27, or 2929.28], but the court is not required to impose any particular sanction or sanctions;
 {¶ 12} "(c) Impose a definite jail term from the range of jail terms authorized for the offense under section [R.C. 2929.24]." (Emphasis added.)
 {¶ 13} At sentencing, where appellant was acting pro se, the trial court stated:
 {¶ 14} "The sentence of this court * * * is fifteen days in jail [and] a two year period of [community control] under which you must attend substance abuse treatment at the Clermont Recovery Center. I'm suspending your driving privileges for thirty days after the date of the offense, [which is] March 26, so * * * [in] April you may resume driving with an interlock device on your vehicle. That will preclude your vehicle from starting if there is any alcohol in your system. In addition, you must have restrictive plates, [which are] the yellow plates that are required, and pay a fine of $500. In order to get those driving rights during the period of this suspension, you must pay your fines and costs and prove insurance during the one year period * * * [a]nd get the restrictive plates. The vehicle will be impounded for ninety days and it can be towed to your home with a club on it. I'm referring you to the Clermont Recovery Center to deal with any issues of substance abuse that might be present in your situation and to an interlock program here in Batavia. With that I'm committing you to the custody of the Sheriff for immediate imposition of the jail sentence."
 {¶ 15} After reviewing the record, we find nothing to indicate that the trial court notified appellant of the potential consequences for violating the conditions of her community control sanctions at the sentencing hearing. The state argues that the phrase "[a]t sentencing" in R.C. 2929.25(A)(3) means either at the sentencing hearing or in the judgment entry, and that the trial court provided sufficient notification in its "Judgment Entry Finding Defendant Guilty and Imposing Sentence," which appellant signed without any further explanation from the court or from counsel.
 {¶ 16} We disagree with the state's argument, and hold that, "the use of the phrase `at sentencing' indicates that the notification required by R.C. 2929.25(A)(3) must occur at the sentencing hearing." State v. Maxwell, Ross App. No. 04CA2811,2005-Ohio-3575, ¶ 5. We find that notification at the sentencing hearing is particularly important where the defendant is acting pro se at the time of sentencing. Further, "[r]equiring the court to notify the offender at the sentencing hearing comports with the purpose of R.C. 2929.25(A)(3) notification, which is to make the offender aware of the possible consequences for violating community control. To most effectively achieve this goal, the notification must occur at the hearing to insure that the offender has received the necessary warnings." Id.
 {¶ 17} We sustain appellant's first assignment of error. Accordingly, we vacate the trial court's order sentencing appellant to serve 30 days in jail.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING THE APPELLANT IN EXCESS OF THE ORIGINAL SENTENCE IMPOSED IN 04-TRC-05514 IN SO FAR AS APPELLANT HAS A REASONABLE EXPECTATION IN THE FINALITY OF SENTENCE."
 {¶ 20} This assignment of error is moot based on our resolution of appellant's first assignment of error. See App.R. 12(A)(1)(c).
 {¶ 21} Judgment reversed, and the trial court's order sentencing appellant to serve 30 days in jail is hereby vacated.
Walsh, P.J., and Young, J., concur.
[1] Although appellant was charged with violating R.C.4511.19(A)(1) and (A)(4), the General Assembly has since renumbered parts of R.C. Chapter 4511 such that those sections now exist as R.C. 4511.19(A)(1)(a) and (A)(1)(d).