OPINION
{¶ 1} James Redmond appeals from a December 21, 2005 "order of revocation" which stated that he had violated previously established conditions of community control, imposed 39 jail days of a previously suspended 100 days of a 180-day sentence (80 of which Redmond had previously served), and extended Redmond's probation by 5 years.
 {¶ 2} Redmond advances three assignments of error. The State has expressly declined to file a responsive brief.
 {¶ 3} As an initial matter, we observe that the trial court does not appear to have "revoked" Redmond's community control, although the judgment appealed from is styled "order of revocation." Neither the court's oral pronouncements on December 21, 2005 or the body of its order of revocation of that date mention revocation. Indeed R.C.2929.25, governing misdemeanor community control, does not mention revocation. Accordingly, Redmond's use of the term "revocation" in his assignments of error and arguments is unnecessary.
 {¶ 4} "1. THE COURT ERRED WHEN IT SENTENCED APPELLANT TO JAIL AFTER REVOKING APPELLANT'S COMMUNITY CONTROL WITHOUT HAVING COMPLIED WITH THE REQUIREMENTS OF R.C. 2929.25(A)(3) "
 {¶ 5} Redmond contends that imposition of the 39-day jail term was improper because the court had failed to properly notify him of the consequences of violating his community control when the court originally sentenced him to community control the previous year on December 8.
 {¶ 6} R.C. 2929.25(A)(3) provides:
 {¶ 7} "At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:
 {¶ 8} "(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified 3 in division (A)(2) of this section;
 {¶ 9} "(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
 {¶ 10} "(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."
 {¶ 11} The trial court's statement to Redmond when he was first sentenced to community control was as follows:
 {¶ 12} "I'd like to set a sentence here of a hundred and eighty days in jail, fine of a thousand dollars. I'm suspending a hundred of the days and five hundred dollars of the fine. I'm placing you on probation to this court for two years. The sentence is further suspended on the condition that there be no other alcohol or drug-related offenses for five years, that you have an alcohol and mental health evaluation, participate and follow up as recommended. The Probation Department can evaluate your present programming to see if that's the (indiscernible — background noise) for their requirements. If it does, that's fine. And that you pay the remaining fine and court costs. Community service work is granted as needed at your option.
 {¶ 13} "I am ordering that eighty days be served. I'm crediting one day. You have seventy-nine days yet to go, and we're going to give you a report date to the jail after the first of the year."
 {¶ 14} Clearly, the trial court did not admonish Redmond as required by R.C. 2929.25(A)(3)(a-c). Specific to this assignment, the court did not advise Redmond he could be sentenced to "a definite jail term," i.e., 100 days. (180 days for DUI per 2929.24(A)(1) with 100 days suspended and 80 days to be served). R.C. 2929.25(A)(3)(c).
 {¶ 15} The purpose of the R.C. 2929.25(A)(3) notice is, as Redmond observes, to advise the defendant of the consequences of violating community control. Conceding, as we must, that the trial court failed to warn Redmond in the terms of the statute, the question is whether the trial court did, nevertheless, adequately warn Redmond that he could go to jail if he violated his community control. In our judgment, the court's warning was sufficient even if less than exemplary.
 {¶ 16} The court told Redmond that the 100 days were suspended on condition of "no other alcohol or drug related offenses for five years" and "an alcohol and mental health evaluation." Redmond signed the court's sentencing entry that contained these two conditions of community control the same day he was sentenced to community control. We find it difficult to think that Redmond didn't understand that he would face jail time if he violated his community control by being charged again with DUI or failing to complete the alcohol and mental health evaluation. It was the actual occurrence of those two eventualities that resulted in the imposition of the 39 previously suspended days.
 {¶ 17} Concluding that the trial court substantially complied with R.C. 2929.25(A)(3)(c), we overrule the first assignment of error.
 {¶ 18} "2. THE COURT ERRED WHEN IT EXTENDED THE LENGTH OF APPELLANT'S COMMUNITY CONTROL WITHOUT HAVING COMPLIED WITH THE REQUIREMENTS OF R.C. 2929.25(A)(3)."
 {¶ 19} We agree with Redmond that the trial court's complete failure to notify him at sentencing pursuant to R.C. 2929.25(A)(3)(a) precluded the court from extending the duration of his community control.State v. Maxwell (July 14, 2005), Ross App. No. 04CA2811,2005 Ohio 3575.
 {¶ 20} This assignment is sustained. The additional 5 years community control imposed December 21, 2005 will be vacated.
 {¶ 21} "3. THE COURT ERRED WHEN IT REVOKED APPELLANT'S COMMUNITY CONTROL AND IMPOSED SENTENCE, AND THEN ALSO EXTENDED THE PERIOD OF APPELLANT'S COMMUNITY CONTROL "
 {¶ 22} Redmond argues that the trial court could not both increase the length of his community control and impose a jail term.
 {¶ 23} In light of our disposition of the second assignment, this assignment is moot.
 {¶ 24} By way of dicta, however, we agree. R.C. 2929.25(C)(2) provides in part:
 {¶ 25} "If any offender violates any condition of a community control sanction, the sentencing court may impose upon the violator a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this sectionor may impose on the violator a more restrictive community control sanction or combination of community control sanctions, including a jail term." (Emphasis ours).
 {¶ 26} Because the community control extension option and the jail term option are provided for in the disjunctive, the trial court cannot utilize both options.
 {¶ 27} This assignment is overruled as moot.
 {¶ 28} The five-year extension of community control will be vacated. The order appealed from is otherwise affirmed.
FAIN, J. and DONOVAN, J., concur.