OPINION
{¶ 1} Defendant-appellant, Danny L. Potts, pleaded guilty to a misdemeanor charge of disorderly conduct in 2004. On July 22, 2004, he was sentenced to a jail term of thirty days with credit for fourteen days already served. The remaining sixteen days were suspended, and Potts was placed under community control for a period of one year. *Page 2 
 {¶ 2} On July 8, 2005, the trial court entered an order extending Potts' "probation period" to January 21, 2006.[1] There is no documentation in the record regarding any request for such an extension. Nor is there any indication that Potts was given notice of the request or that the trial court conducted a hearing on the matter.
 {¶ 3} Subsequently, on December 2, 2005, during the extended period of community control, the trial court issued a "Notice of Revocation Hearing." The hearing was held on August 10, 2006, at which time the trial court continued Potts on "probation" for an additional six months. Although it is not entirely clear from the transcript of the hearing, it appears that the basis for this second extension is Potts' failure to make restitution.
 {¶ 4} Potts appeals from the extension of community control, and raises one assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT EXTENDED APPELLANT'S COMMUNITY CONTROL FOR SIX MONTHS WITHOUT HAVING GIVEN THE MANDATORY WARNINGS OF R.C. 2929.25(A)(3) AT THE TIME OF SENTENCING AND WITHOUT HOLDING A HEARING BEFORE EXTENDING THE TERM OF COMMUNITY CONTROL."
 {¶ 6} Potts contends that the trial court's order continuing his term of community control must be reversed. In support, he argues that the trial court failed, at sentencing, to provide the warnings required by R.C. 2929.25(A)(3). He also argues that the trial court failed to hold a hearing prior to extending the original term of community control. *Page 3 
 {¶ 7} We begin by noting that the record is devoid of any indication that there was a request for an extension of the original term of community control or that Potts was given any notice of such request. Further, there is no indication that a hearing was held on the request. There is no reason stated for the extension of the original term of community control, and it is not clear whether Potts was actually notified of the extension.
 {¶ 8} "When confronted with this exact situation, the Eighth District Court of Appeals has held that a `sua sponte extension of a probationer's period of [community control] without the [defendant's] knowledge or written acknowledgment of unsatisfactory compliance with the conditions of [community control]' is inappropriate, and an `attempted extension of the period of [community control in this manner] is ineffective.'" State v. Whitaker, Montgomery App. No. 21034, 2006-Ohhio-998, ]}15, quoting State v. Flekel, Cuyahoga App. Nos. 80337 and 80338, 2002-Ohio-2963, ?26. This court agreed with the Eighth District and has likewise held that an extension ordered under such circumstances cannot stand. Id.
 {¶ 9} We next turn to the claim that the trial court, at the original sentencing failed to admonish Potts regarding the possible consequences of failing to comply with the terms of community control. R.C.2929.25(A)(3) provides as follows:
 {¶ 10} "At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following: *Page 4 
 {¶ 11} "(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
 {¶ 12} "(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
 {¶ 13} "(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."
 {¶ 14} This court has stated that "[t]he purpose of the R.C.2929.25(A)(3) notice is * * * to advise the defendant of the consequences of violating community control." State v. Redmond, Montgomery App. No. 21500, 2007-Ohio-441, ]}15. We have further stated that a trial court must substantially comply with the notice requirements of R.C.2929.25(A)(3). Id. at ]}17. If a trial court fails to substantially comply with the notice provisions, it cannot extend the term of community control. Id. at ]}19.
 {¶ 15} We must conclude that the trial court failed to warn Potts of the possible ramifications of violating his community control. The sentencing transcript, which is less than two pages in length, is devoid of any reference to the above-referenced admonishments. While the State argues that Potts was advised of these consequences via a document he signed, two days after sentencing, at the office of the Montgomery County Offender Reporting Center, we cannot conclude that this meets the statutory requirement.
 {¶ 16} Clearly the trial court did not properly admonish Potts at the original sentencing. Furthermore, the trial court's sua sponte extension of the original period of *Page 5 
community control was ineffective. Thus, Potts was no longer under community control at the time of the second extension, and therefore, was no longer subject to such a sanction.
 {¶ 17} Potts' sole assignment of error is sustained, and the judgment of the trial court is reversed and the order extending the term of community control is hereby vacated.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
GRADY and DONOVAN, JJ., concur.
[1] It appears that the trial court uses the term "probation" interchangeably with the term "community control." *Page 1