DECISION AND JUDGMENT ENTRY
{¶ 1} Ralph Netter appeals from a Chillicothe Municipal Court judgment sentencing him to 70 days in jail for violating previously imposed community control sanctions. He argues the court failed to notify him of the exact jail term it would impose for community control violations and therefore, it could not impose a jail term as a sanction for his violation. However, unlike the felony statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator if the court did not notify the defendant at the original sentencing hearing of the specific jail term the court would impose for any violation. Before imposing a jail sanction, all the misdemeanor statute requires is notice that the court may "[i]mpose a definite jail term from the range of jail terms authorized * * *." R.C. 2929.25(A)(3). Because the notice in this case satisfied that requirement, we affirm the court's judgment.
 {¶ 2} In April 2004, Netter pled guilty to resisting arrest, a misdemeanor of the second degree. The court sentenced him to 20 days in jail, with credit for 20 days served, and 2 years of community control sanctions. At the sentencing hearing, the court informed Netter that if he violated the community control sanctions, he could be "re-sentenced to an additional 70 days in jail and fined up to $750.00." Subsequently, Netter admitted to a violation of the community control sanctions and the court sentenced him to 70 days in jail. Netter now appeals and raises the following assignment of error:
The court below erred by sentencing the defendant to a jail term following a violation of community control sanctions, after the court failed to give the statutory[ily] required warnings at the original sentencing hearing.
 {¶ 3} In his sole assignment of error, Netter argues that the court erred in sentencing him to a jail term as a sanction for violating community control. He argues that the court failed to notify him of the exact jail term it would impose for community control sanctions and therefore, it could not impose a jail sanction for his violation.
 {¶ 4} We recently considered this argument in State v.McDonald, Ross App. No. 04CA2806, 2005-Ohio-3503. There, we held: "[U]nlike the felony statutes, nothing in the misdemeanor statutes prohibits a court from imposing a jail term upon a community control violator if the court did not notify the defendant at the original sentencing hearing of the specific jail term the court would impose for any violations. Before imposing a jail sanction, all the misdemeanor statue requires is notice that the court can `[i]mpose a definite jail term from the range of terms authorized * * *.'" Id. at ¶ 2, quoting R.C.2929.25(A)(3).
 {¶ 5} Because the court sentenced Netter to a 20-day jail term in addition to community control, it could impose no more than 70 days in jail for any community control violation. See R.C. 2929.25(C)(2) ("If the court imposes a jail term upon a violator pursuant to this division, the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed.") At the original sentencing hearing, the court sentenced Netter to two years of community control and then stated: "You have served 20 days. I'll give you credit for those days. As long as you stay out of trouble for a two-year period that should be the end of it. If you violate any of these terms, you can be re-sentenced to an additional 70 days in jail and fined up to $750.00." This notice satisfied the requirements of R.C. 2929.25(A)(3). See McDonald at ¶ 2. Accordingly, we overrule Netter's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.