[Cite as *State v. Semenchuk* , 2010-Ohio-4864.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA3140 |
| | : | |
| vs. | : | **Released: September 30, 2010** |
| | : | |
| ELIZABETH M. SEMENCHUK, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Paul Mancino, Jr., Cleveland, Ohio, for Appellant.

Toni L. Eddy, Chillicothe Law Director, and Kathryn Janes, Chillicothe Assistant Law Director, Chillicothe, Ohio, for Appellee.

_____

McFarland, P.J.:

{¶1} Appellant appeals the sentence issued by the Chillicothe Municipal Court's on a violation of her community control sanction. On appeal, Appellant contends that 1) she was denied due process of law when the court failed to terminate the proceedings after her probation had expired; 2) she was denied due process of law when the court failed to terminate the proceedings; and 3) she was denied due process of law when the court accepted an exhibit from the Parma Municipal Court. Because we conclude that the statute upon which Appellant bases her subject matter jurisdiction

argument has been repealed, Appellant's first assignment of error is overruled. Because we conclude that the trial court gave sufficient warnings that a jail term could be imposed in the event of a community control violation, and because the sentence imposed upon Appellant at the revocation hearing was well within the range allowed for a first degree misdemeanor offense, Appellant's second assignment of error is overruled. Further, because we conclude that that the State presented substantial evidence indicating Appellant had violated the terms of her community control, we overrule her third and final assignment of error. Accordingly, the judgment and sentence of the trial court is affirmed.

FACTS

{¶2} On June 2, 2008, Appellant pled guilty to physical control of a vehicle while under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.194(B), and hit skip, in violation of Chillicothe City Ordinance 335.13, both misdemeanors of the first degree. After the trial court accepted Appellant's plea and found her guilty, it sentenced her including a one year term of community control, sixteen days in jail with credit for one day served, a fine of $250.00 on each charge, an operator's license suspension and a requirement that she enroll seek an evaluation for alcohol and/or

substance abuse, and that she not consume alcohol or illegal drugs and also submit to random alcohol and drug testing.

{¶3} Appellant's probation officer filed violation of community control sanctions on April 14, 2009, after being informed that Appellant had convicted of OVI in another county. An entry was filed on April 30, 2009, setting a hearing on April 30, 2009, and suspending the probation period until the hearing date. Appellant retained counsel, who requested a series of continuances, based in part of Appellant's filing of a motion to withdraw her guilty plea in the Parma Municipal Court. Appellant's counsel also filed, on June 15, 2009, a motion to dismiss the probation violation, which was denied by the court on June 19, 2009.

{¶4} The matter came on for final hearing on December 18, 2009, at which time the trial court found that Appellant had violated the terms and conditions of her community control, revoked her community control and sentenced Appellant to an additional 35 days in jail, suspending 30 days and staying the entire sentence pending appeal. It is from this decision and sentence that Appellant brings her timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN
        THE COURT FAILED TO TERMINATE THE PROCEEDINGS
        AFTER DEFENDANT'S PROBATION HAD EXPIRED.

II.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN
        THE COURT FAILED TO TERMINATE THE PROCEEDINGS.

III.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN
        THE COURT ACCEPTED AN EXHIBIT FROM THE PARMA
        MUNICIPAL COURT."

ASSIGNMENT OF ERROR I

{¶5} In her first assignment of error, Appellant contends that she was

denied due process of law when the court failed to terminate the proceedings

after her probation had expired.  Specifically, Appellant contends that the

trial court lacked subject matter jurisdiction to sentence her on the

community control violation because the sentencing hearing was held after

her community control had expired.  The State contends that Appellant may

not claim that she was denied due process of law at the appellate level

because she did not raise any such challenge at the trial court level, and thus

waived any error related thereto.  Despite the wording of Appellant's

assigned error, the argument she advances in the body of her brief clearly

challenges the trial court's subject matter jurisdiction over the revocation

proceedings held below.  A trial court's lack of subject matter jurisdiction

may be raised at any stage of the proceedings and cannot be waived. *State v. Powell* (Mar. 27, 2000), Meigs App. No. 99CA15, 2000 WL 331593.

{¶6} Appellant bases her argument that the trial court lacked subject matter jurisdiction to impose sentence once her community control sanction had expired on the Supreme Court of Ohio's holding in *Davis v. Wolfe*, 92 Ohio St.3d 549, 2001-Ohio-1281, 751 N.E.2d 1051, which relies on former R.C. 2951.09. In *Davis*, the Court stated as follows:

"R.C. 2951.09 specifies that "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Discharge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907, 908."

However, R.C. 2951.09 was repealed effective January 2, 2004. Thus, this case is no longer controlling or persuasive of the issue presently before us.

{¶7} The Tenth District Court of Appeals reached the same conclusion in *State v. Breckenridge*, Franklin App. No. 09AP-95, 2009-Ohio-3620 (reasoning that the 2004 repeal of R.C. 2951.09 rendered the holding of *Davis* without any further support, and thus refusing to rely on *Davis* for the proposition that the trial court lacks subject matter jurisdiction to impose sentence at a probation revocation hearing held after the expiration of the term of community control.); But, see also, *State v. Adkins*,

Montgomery App. No. 21810, 2007-Ohio-4886 (reversing and vacating the trial court's revocation of appellant's probation based upon lack of subject matter jurisdiction, despite prior repeal of R.C. 2951.09). We find the reasoning of the Tenth District to be persuasive with respect to this particular issue and hereby adopt the same approach with regard to revocation proceedings held after expiration of the stated term of community control provided, however, that the notice of a violation and revocation proceedings are commenced prior to the expiration. Based upon this reasoning, Appellant's first assignment of error is overruled and the judgment and sentence of the trial court is affirmed.

## ASSIGNMENT OF ERROR II

{¶8} In her second assignment of error, Appellant again contends that she was denied due process of law when the court failed to terminate the proceedings. Although Appellant appears to be making an argument identical to the argument raised under first assignment of error, a review of her brief reveals a different argument. In the body of her brief under her second assignment of error, Appellant argues that the court could not impose an additional sentence because it "did not properly reserve any suspended jail time when the court imposed sentence. Specifically, Appellant argues that because the trial court originally sentenced her to sixteen days and

because she served all sixteen days, that it could not order additional jail time upon finding a violation. The State disagrees, citing this Court to our previous reasoning set forth in *State v. Sutton*, 162 Ohio App.3d 802, 2005-Ohio-4589, 835 N.E.2d 752. For the following reasons, we reject Appellant's argument.

{¶9} As already noted, Appellant's original conviction in 2008 was for physical control of a vehicle while under the influence, in violation of R.C. 4511.19(194)(B), a first degree misdemeanor, and hit skip, in violation of Chillicothe City Ordinance 335.13, both first-degree misdemeanors. The trial court imposed several forms of community-control sanctions, including a one year term of community control, sixteen days in jail with credit for one day served, a fine of $250.00 on each charge, an operator's license suspension and a requirement that she enroll seek an evaluation for alcohol and/or substance abuse, and that she not consume alcohol or illegal drugs and also submit to random alcohol and drug testing. The court's imposition of sanctions is governed by R.C. 2929.25(A)(3), which provides as follows:

"At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:

(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code." See, also, *Sutton* at 804-805. (Emphasis added.)

{¶10} Further, and as we noted in *Sutton*, "[i]f a misdemeanant violates community control, R.C. 2929.25(C)(2) provides that a court may punish the offender as follows:

'If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section or may impose on the violator a more restrictive community control sanction or combination of community control sanctions, *including a jail term. If the court imposes a jail term upon a violator pursuant to this division, the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed.* The court may reduce the longer period of time that the violator is required to spend under the longer sanction or the more restrictive sanction by all or part of the time the violator successfully spent under the sanction that was initially imposed.' (Emphasis added.)" *Sutton* at 805.

Because the trial court sentenced Appellant to sixteen days at her original sentencing hearing, it could impose no more than 164 days, per R.C. 2929.25(C)(2), since the maximum term for Appellant's original offenses

was 180 days.  Thus, the trial court's imposition of an additional 35 day jail

term was well within the statutory range.

{¶11} Appellant further argues that the trial court failed to provide

accurate notice to her of the consequences for violating her community

control.  In support of this argument, she relies upon excerpts from the

original sentencing entry.  A review of that transcript[1] reveals the following

notice from the court:

"And you are to stay out of trouble.  You are not to violate any law and you
are to keep your probation officer informed of your address and telephone
number.  If you do all these things, then after a year the case will be over
with.  If you don't do all these things, then you can be brought back into
court and if it's shown that you violated any of the terms, then you could be
kept on probation as much as five years and placed under further restrictions
or for violating these terms, you could go to jail for up to six months and be
fined up to a thousand dollars."

The transcript indicates that the trial court advised Appellant that in the

event of violation, she could be sentenced up to six months.  In *State v.*

*Netter*, we noted that "all the misdemeanor statute requires is notice that the

court can '[i]mpose a definite jail term from the range of terms authorized *

* *.' "  Ross App. No. 05CA2832, 2005-Ohio-4606 ( affirming trial court's

imposition of additional 70 day jail term for violation of community control

---

[1] Although Appellee states in its brief that the record on appeal does not contain a transcript of the June 2, 2008, sentencing hearing, the record before us does, in fact, contain a transcript of that hearing.

after appellant had already served 20 days for original offense with maximum term of 90 days).

{¶12} Although Appellant takes issue with the court's warning that it could impose "up to six months" when she had already served 16 of the maximum 180 days, considering the trial court only imposed 35 additional days, rather than a full six months, we find the error to be harmless. As such, Appellant's second assignment of error is overruled and the judgment and sentence of the trial court is affirmed.

## ASSIGNMENT OF ERROR III

{¶13} In her third assignment of error, Appellant contends that she was denied due process of law when the court accepted an exhibit from the Parma Municipal Court. Specifically, Appellant argues that because a document entered into evidence by the State was not signed by the judge, that it could not be considered a valid sentence, relying on *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 and Crim.R.32 in support. Appellee, however, contends that a certified copy of journal entry is properly admissible as evidence of a prior conviction, relying on *State v. Goode* (Sept. 27, 1999), Warren App. Nos. CA98-07-079 and 083, 1999 WL 791537. For the following reasons, we agree with Appellee.

{¶14} A community control revocation hearing is not a criminal trial; therefore, the State does not have to establish a violation with proof beyond a reasonable doubt. *State v. Henry*, Richland App. No. 2007-CA-0047, 2008-Ohio-2474, citing *State v. Payne*, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing *Hylton* at 782. Accordingly, we apply the "some competent, credible evidence" standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. See *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45, 1998 WL 377768; *State v. Puckett* (Nov. 12, 1996), Athens App. No. 96CA1712, 1996 WL 666660. This highly deferential standard is akin to a preponderance of the evidence burden of proof. See *State v. Kehoe* (May 18, 1994), Medina App. No. 2284-M, 1994 WL 189659. We further note that evidentiary rules are inapplicable at community control revocation hearings. Evid. R. 101(C)(3).

{¶15} Here, Appellee presented the court with a certified copy of a journal entry from the Parma Municipal indicating that Appellant had been

convicted of operating a motor vehicle while under the influence on September 4, 2008, which was during the term of her community control. Additionally, Appellant's probation officer testified that he personally followed Appellant's Parma case to completion and that Appellant had, in fact, been convicted in that court. We are mindful of Appellant's citation to *State v. Baker*, supra, however, we find the facts of *Baker* to be distinguishable from the facts presently before us, in that *Baker* involved a direct appeal from a conviction, versus the present situation, which involves a hearing on a community control violation.

{¶16} Based upon the foregoing caselaw, as well as the evidence presented at the revocation hearing, we cannot conclude that the trial court erred in admitting the journal entry certified by the Parma Municipal clerk as sufficient evidence of a conviction and, thus establishing a violation of Appellant's community control. As such, we cannot conclude that the trial court abused its discretion in admitting the exhibit or in revoking Appellant's community control and sentencing her to an additional term in jail.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**