[Cite as *State v. Marlow*, 2019-Ohio-3393.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28216 |
| | : | |
| v. | : | Trial Court Case No. 2016-CRB-281 |
| | : | |
| JESSICA MARLOW | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August, 2019.

. . . . . . . . . . .

GREGORY SPEARS, Atty. Reg. No. 0009002, 195 South Clayton Road, New Lebanon, Ohio 45345
        Attorney for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. No. 0055565, 70 Birch Alley, Suite 240-24005, Dayton, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Jessica Marlow appeals from the judgment of the trial court that revoked her misdemeanor community control supervision and imposed a net jail sentence of six days. The court stayed the sentence pending this appeal. Marlow's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review, and she has therefore filed a motion to withdraw. We notified Marlow of the *Anders* filing and gave her an opportunity to submit a pro se brief and indicated the time for doing so. She did not.

Course of Proceedings

**{¶ 2}** On March 7, 2016, Marlow was charged with one count of possession of drug paraphernalia, a fourth-degree misdemeanor. She pled guilty to an amended charge of disorderly conduct, as a fourth-degree misdemeanor, on March 29, 2016. Her sentence included a $100 fine, 30 days in jail, with one day of jail time credit and the remaining 29 days suspended, and she was placed on reporting community control sanctions for 2 years (730 days).

**{¶ 3}** On February 1, 2017, a notice of revocation and order for a hearing was filed (Doc. #30), alleging that Marlow had violated her supervision by failing to get a drug assessment and treatment, and by twice testing positive for multiple unprescribed drugs. The Community Control Officer requested a warrant for her arrest. On the same date, the court issued the warrant. (Doc. #29.)

**{¶ 4}** Marlow was not arrested on the warrant until November 2018. On November 6, 2018 an initial hearing was held and Marlow was released on bond. A revocation hearing was scheduled for November 13, 2018. The transcript reveals Marlow appeared with counsel. The court stated the noticed violations and said "[a]s a result of that and not

seeing you, they went ahead and asked that a warrant be issued." Tr. at 2. Counsel stated "it doesn't look like they ever filed a motion to extend the probation from the two years she was given," and therefore the case was "over." *Id.* The trial court ruled "the warrant covers that." *Id.* at 3. When asked whether Marlow admitted or denied the violations, counsel indicated "she admits she tested positive." *Id.* And Marlow further stated "I am in a methadone clinic." *Id.* The trial court then revoked her community control supervision, imposed a ten day jail sentence, gave her credit for an additional four days of jail time credit, and indicated she was to serve six days. (Doc. #39.) The court stayed the jail sentence pending an appeal.

*Anders* Brief

{¶ 5} In the *Anders* brief, Marlow's appointed appellate counsel indicates that she "cannot find any meritorious issues to pursue on appeal." Nevertheless, counsel provided an analysis of whether the trial court lost jurisdiction over Marlow due to the passage of more than two years from the initiation of supervision and whether a successor to the original sentencing judge can preside over revocation proceedings.

Analysis

{¶ 6} Upon review, we concur in counsel's assessment that the foregoing issues are without merit and frivolous. Under R.C. 2951.07, "[i]f the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action." The Ohio Supreme Court, interpreting virtually identical language of that

statute when it applied to "probation," held that the issuance of a capias during the probationary term tolled the running of the probationary period so that the trial court retained jurisdiction to revoke supervision. *Rash v. Anderson,* 80 Ohio St.3d 349, 350-351, 686 N.E.2d 505 (1997). The same notion applies to community control supervision. A trial court has jurisdiction to proceed with "revocation proceedings held after expiration of the stated term of community control" provided "that the notice of a violation and revocation proceedings are commenced prior to the expiration." *State v. Semenchuk*, 4th Dist. Ross No. 10CA3140, 2010-Ohio-4864, ¶ 7. This court has recognized the same. *State v. Adkins*, 2d Dist., Montgomery No. 21810, 2007-Ohio-4886, ¶ 6. "Timely initiation of the [probation violation] complaint and warrant * * * was tantamount to an entry declaring the woman an absconder." *State v. Wallace*, 7 Ohio App.3d 262, 263, 454 N.E.2d 1356 (1st Dist. 1982).

{¶ 7} Here it is undisputed that both a revocation proceeding was initiated and a warrant was issued before expiration of the period of supervision. In our opinion, given statutory authority and over 20 years of consistent case precedent, we agree with counsel that on this record an argument that the trial court did not have jurisdiction to proceed with the revocation is without arguable merit and frivolous.

{¶ 8} Counsel's brief further suggests that trial counsel "vaguely questioned" whether the current trial judge could proceed to hear a revocation concerning the case of the "original sentencing judge." Initially we fail to see that a vague reference is an objection to the authority of the successor judge to proceed with the revocation. At best, trial counsel made an offhand remark that "this was previous judge's case," (Tr. at 2.) The comment was not in the nature of an objection and was made without legal argument.

Because the issue was not raised in the trial court and regards assignment of a judge rather than jurisdiction of the court, it would be frivolous to argue it on appeal.

{¶ 9} In addition, we take notice that the appellant was originally sentenced by then-judge Adele M. Riley (Doc. #30), who retired when her term expired on December 31, 2017. That judicial position was abolished. R.C. 1901.08. Judge James D. Piergies became the judge assigned to the western division of the Montgomery County Municipal Court where the appellant's case was docketed. Judge Piergies conducted Marlow's revocation proceedings. We further note that a "sentencing court," not a judge, "retains jurisdiction over any offender whom it sentences for the duration of the sanction or sanctions imposed." R.C. 2929.25(C)(1). We find absolutely no legal authority, and no logical argument, to support a contention that an offender's community control would expire upon retirement of the original judge or for a contention that a successor judge cannot proceed to hear and determine revocation proceedings. We conclude such contentions are frivolous.

*Anders* review

{¶ 10} Finally, we have conducted an independent review of the record and find no non-frivolous issues for appeal. We therefore agree with appellate counsel that Marlow's appeal is frivolous. We grant counsel's motion to withdraw from representation. The judgment of the trial court is affirmed, and the matter is returned to the trial court for further proceedings.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Gregory Spears
Dawn S. Garrett
Jessica Marlow
Hon. James D. Piergies