[Cite as *State v. Brown*, 2022-Ohio-2285.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No.  WD-21-060

    Appellee                                        Trial Court No.  2017CR0584

v.

Bryan Christopher Brown                          **DECISION AND JUDGMENT**

    Appellant                                       Decided:  June 30, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Bryan Brown, appeals the August 12, 2021 judgment of the

Wood County Court of Common Pleas sentencing him for a community control violation.

For the following reasons, we affirm.

**I.      Background and Facts**

{¶ 2} Brown was indicted on a single count of unauthorized use of a motor vehicle

in violation of R.C. 2913.03(B) and (D)(3), a fifth-degree felony.  He later pleaded guilty

to an amended charge of unauthorized use of a motor vehicle in violation of R.C. 2913.03(B) and (D)(2), a first-degree misdemeanor.  On April 16, 2018, the trial court filed its entry sentencing Brown to a three-year term of community control.  Brown's term of community control should have ended on April 16, 2021.[1]

{¶ 3} However, on October 30, 2020, the state filed a petition for revocation of Brown's community control based on Brown's conviction of disorderly conduct in the Toledo Municipal Court.  The certificate of service on the petition shows that the state mailed the petition to Brown's trial counsel, but did not mail it to Brown.

{¶ 4} On November 2, 2020, the trial court issued a notice and order setting Brown's case for a "Community Control Violation Bond Hearing" on December 11, 2020.  The certificate of service on the order instructed the clerk of court to "deliver" a copy of the order to Brown and his trial counsel.  The docket shows that, on November 3, 2020, the clerk sent copies of the order to Brown "by Regular U.S. Mail" at an address on Kensington in Toledo and in care of his attorney, and emailed a copy of the order to trial counsel.  The docket shows that the Kensington address was the first and only address that the clerk had for Brown until May 2021.

---

[1] In *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, ¶ 4, fn. 1, the Supreme Court of Ohio noted that, because a court speaks through its judgment entries, a term of community control begins on the date that a sentencing entry is filed.  Here, although Brown's sentencing hearing was held on April 13, 2018, and the parties use April 13 as the date that Brown's term of community control began, the trial court's sentencing entry was not filed and journalized until April 16, 2018.  Under *Rue*, the date of filing—April 16—is the proper start date for Brown's term of community control.

2.

{¶ 5} Brown did not appear for the December 11 hearing, so, on December 14, 2020, the trial court issued a warrant for his arrest. The certificate of service on the judgment entry authorizing the warrant again instructed the clerk of court to "deliver" a copy of the entry to Brown and his trial counsel. The docket shows that, on December 14, 2020, the clerk sent copies of the entry to Brown "by Regular U.S. Mail" at the Kensington address and in care of his attorney, and emailed a copy of the entry to trial counsel.

{¶ 6} It was not until May 18, 2021, that Brown was served with the December 2020 warrant. Following Brown's arrest, on May 25, 2021, the trial court held a video bond hearing. During the hearing, Brown's attorney provided the trial court with a new address for Brown on Central Avenue in Toledo. However, Brown's address in the clerk's file was not updated following the May 25 hearing. After Brown listed the Central Avenue address on the bond form that he signed on May 27, 2021, the clerk updated the case file to reflect Brown's Central Avenue address.

{¶ 7} On June 15, 2021, the trial court held the community control violation hearing. At the hearing, Brown's attorney argued that, pursuant to the recently-released decision in *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, the trial court should dismiss the community control violation and find that Brown's community control terminated on April 13, 2021, because a term of community control does not automatically toll when an offender absconds, the trial court did not make a finding that Brown absconded, and Brown did not receive adequate notice that his term of community

3.

control had been extended.  The court requested that each side file a memorandum outlining their legal positions.

{¶ 8} In his memo, Brown argued that *Rue* stood for the proposition that absconding, in and of itself, did not operate to toll a defendant's period of community control; rather, some judicial decision that triggers the tolling must be made during the period of community control for the fact that a defendant absconds to have any legal force and effect.  Because the trial court never made a judicial determination that Brown had absconded, he argued, his period of community control was not tolled beyond April 13, 2021, and the court lost authority to conduct further community control violation proceedings.  As a result, he requested that the trial court terminate his community control.

{¶ 9} In response, the state argued that Brown received proper notice of the December 2020 community control violation hearing, which was filed before his term of community control expired, and, as *Rue* recognized, a trial court is authorized to conduct community control violation proceedings after a community control term expires as long as the state initiated revocation proceedings and the defendant received proper notice of the proceedings before the term expired.  The state included the affidavit of Charlye Lopez, Brown's probation officer, with its memorandum.  In it, Lopez averred that he spoke to Brown on the phone on December 8, 2020, and told him about the hearing scheduled for December 11, 2020.

4.

{¶ 10} On August 10, 2021, the trial court held another hearing to address "the legal issue of whether the court ha[d] jurisdiction" to sanction Brown for the alleged community control violation. The state called Lopez to testify.

{¶ 11} After confirming that Brown was placed on community control for three years beginning April 13, 2018, Lopez explained that he learned of Brown's new conviction through a "regular check through the Toledo Municipal Court." Although Brown was convicted in February 2020, Lopez did not find the conviction until October 2020. According to Lopez, the new criminal conviction and failing to report to Lopez the arrest that led to the new conviction were each violations of the terms and conditions of Brown's community control.

{¶ 12} Lopez testified that the address he had in his file for Brown was an apartment on Alexis Road. He was unsure if that address was the same address that Brown gave him at the time of his sentencing, or if Brown had updated his address. He also had a working phone number for Brown.

{¶ 13} On December 8, 2020, Lopez called Brown and spoke with him about the case and the upcoming community control violation hearing on December 11, so it was Lopez's understanding that Brown had actual knowledge of the hearing. Lopez was at the December 11 hearing, but Brown did not appear, so the trial court issued a warrant for Brown's arrest.

{¶ 14} Lopez testified that all of these events took place before Brown's term of community control was set to expire on April 13, 2021.

5.

**{¶ 15}** After hearing the testimony and the parties' arguments, the trial court determined that it was authorized to proceed with the community control violation proceedings because

> the law is clear—and the Supreme Court has said this—that a trial court is authorized to conduct proceedings on an alleged community control violation even though they are conducted after the expiration of the term of community control provided that the notice of violation was properly given and the revocation proceedings were commenced before the expiration.

The court found that violation proceedings in Brown's case began with the petition that was filed on October 30, 2020—well before Brown's term of community control expired—and that Brown was notified of the proceedings both by the notice sent by the court to Brown's last known address and by the telephone call from Lopez. The court found that Brown's failure to appear constituted absconding under R.C. 2951.07, which tolled the period of community control. Thus, the court concluded that it had jurisdiction to dispose of Brown's community control violation.

**{¶ 16}** The court went on to find that Brown had violated the terms of his community control and sentenced him to 15 days in jail, after which his community control would be unsuccessfully terminated. The court stayed its sentence pending appeal.

6.

**{¶ 17}** Brown now appeals, raising a single assignment of error:

THE TRIAL COURT LACKED AUTHORITY TO REVOKE APPELLANT'S COMMUNITY CONTROL.

## II. Law and Analysis

**{¶ 18}** In his assignment of error, Brown argues that the trial court lost authority to proceed with his community control violation because Brown was not served with written notice of the violation and hearing date or the warrant for his arrest before the original expiration date of his term of community control. The state responds that Brown's period of community control was tolled from the time the warrant issued until the time Brown appeared in court on the community control violation because Brown had actual notice of the violation and hearing date, and any lack of actual notice was invited error because Brown failed to update his mailing address with his probation officer.

**{¶ 19}** A proceeding to revoke community control is not equivalent to—and need not have the same level of formality as—a criminal trial. *State v. Johnson*, 6th Dist. Lucas Nos. L-20-1032 and L-20-1033, 2021-Ohio-4447, ¶ 29, citing *State v. Stollings*, 2d Dist. Greene No. 2000-CA-86, 2001 WL 501981, *2 (May 11, 2001); *State v. Pavlich*, 6th Dist. Erie No. E-10-011, 2011-Ohio-802, ¶ 25; *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-Ohio-4743, ¶ 8; and *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Regardless, an offender facing revocation is entitled to certain minimum due process protections, including written notice of the alleged violation and the opportunity to be heard in person and to present witnesses and evidence. *Id.*, citing

7.

*Pavlich* at ¶ 25; *State v. McKeithen,* 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 22; *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975); and *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

{¶ 20} Notice is important in Brown's case because the trial court held the community control violation hearing and sentenced Brown for the violation after April 16, 2021—the original expiration of his term of community control. A trial court has authority to conduct proceedings on a defendant's alleged community control violation after the defendant's term of community control expires only if "'the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" *Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, at ¶ 18, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13. So, if Brown was not properly notified of the October 30, 2020 petition for revocation and the December 11, 2020 hearing, the trial court lost its authority to proceed and Brown's community control terminated on April 16, 2021. If, however, Brown was properly notified, the trial court retained its authority to proceed with the community control violation hearing and determine the matter because Brown's term of community control was tolled from the time that the trial court issued the warrant for Brown's arrest until Brown appeared before the court on May 25, 2021. R.C. 2951.07 ("If the offender under community control absconds * * *, the period of community control ceases to run until the time that the offender is brought before the court for its further action."); *State v. Marlow*, 2d Dist. Montgomery No. 28216, 2019-Ohio-3393, ¶ 6, quoting *State v.*

8.

*Wallace*, 7 Ohio App.3d 262, 263, 454 N.E.2d 1356 (1st Dist.1982); and citing *Rash v. Anderson*, 80 Ohio St.3d 349, 350-351, 686 N.E.2d 505 (1997) ("'Timely initiation of the [community control violation] complaint and warrant * * * [i]s tantamount to an entry declaring the [offender] an absconder.'" (Ellipsis sic.)).

{¶ 21} Service of notice in criminal cases is controlled by Crim.R. 49. The rule requires that "[w]ritten notices * * * shall be served upon each of the parties." Crim.R. 49(A). When service is required under Crim.R. 49(A) and the party to be served is represented by an attorney, "service shall be made upon the attorney unless service upon the party himself is ordered by the court." Crim.R. 49(B). Either way, service "shall be made in the manner provided in Civil Rule 5(B)." *Id.*

{¶ 22} Under Civ.R. 5(B)(1), service on a party who is not represented by an attorney should be made directly on the party and service on a represented party should be made on the party's attorney "unless the court orders service on the party." Among the permissible methods of service is "mailing [the document] to the person's last known address by United States mail, *in which event service is complete upon mailing*[.]" (Emphasis added.) Civ.R. 5(B)(2)(c). When notice of a hearing is sent to a defendant's attorney, knowledge of the hearing can be imputed to the defendant. *See State v. Connin*, 6th Dist. Fulton No. F-21-001, 2021-Ohio-4445, ¶ 16, citing *State v. Balas*, 68 Ohio App.3d 524, 526, 589 N.E.2d 86 (9th Dist.1990); and Crim.R. 49.

{¶ 23} Here, the certificate of service on the state's petition for revocation of community control—which outlines the community control violation that the state

9.

accused Brown of—indicates that the state mailed a copy of the petition to Brown's attorney. In the certificate of service on the notice and order setting the December 2020 hearing, the trial court ordered the clerk to "deliver" a copy of the order to Brown and his attorney. The docket shows that the clerk "[f]orwarded copies of JE to [Brown] by Regular U.S. Mail and to Counsel by email" on November 3, 2020. The docket also shows that the clerk mailed *two* copies of the hearing notice to Brown: one to Brown at the Kensington address and one to Brown in care of his attorney. And, in the certificate of service on the warrant, the trial court ordered the clerk to "deliver" a copy of the order to Brown and his attorney. The docket shows that the clerk "[f]orwarded copies of JE to [Brown] by Regular U.S. Mail and to Counsel by email" on December 14, 2020. The docket also shows that the clerk mailed *two* copies of the warrant to Brown: one to Brown at the Kensington address and one to Brown in care of his attorney. Taken together, this shows that Brown was notified of the community control violation, the December 11 hearing, and the issuance of the warrant in compliance with Crim.R. 49. Under Civ.R. 5(B)(2)(c), service to Brown was considered complete as soon as the state and the clerk put the documents in the mail.

{¶ 24} Although it is possible to overcome this presumption of perfected service and notice, Brown has not pointed to anything in the record that indicates that service of the petition for revocation, the notice of hearing, or the warrant was unsuccessful, such as an entry on the docket noting that mail sent to him was returned to the clerk as undeliverable. *Compare, e.g., State v. Adams*, 12th Dist. Warren No. CA2011-06-062,

10.

2012-Ohio-1802, ¶ 14-16 (presumption of service overcome when the docket did not contain any entries indicating that the hearing notice was sent to the defendant, the file did not contain "certified mail receipts, envelopes, or any indication that the hearing notice was received by [the defendant] or was returned for a delivery failure at any time," and the state did not present any evidence to counter the defendant's affidavit stating that he did not receive the notice).

{¶ 25} We also cannot ignore the fact that there is uncontroverted information in the record showing that Brown had *actual* knowledge of the alleged community control violation and the December 11, 2020 hearing. Lopez testified that he spoke to Brown about Brown's case and the December 11 hearing on December 8, 2020. Additionally, at the May 25, 2021 bond hearing, Brown's attorney said that Brown "realizes while he did miss court back in December, *he just didn't have transportation available to him* due partially to the pandemic that was still going on." (Emphasis added.) Notably, at no point in the proceedings before the trial court did Brown claim that he was unaware of the petition for revocation, the December 11 hearing, or the December 14 warrant, or that he had not received notice of the petition, hearing, or warrant. Rather, the only information in the record about Brown's knowledge of the proceedings is that he did not attend the December 2020 hearing because he did not have transportation.

{¶ 26} On the whole, the record supports a finding that Brown received the required notices—either directly or through his attorney—so his due process rights were not violated. Therefore, because the proper notices were sent and the community control

violation proceedings began before Brown's term of community control was set to expire on April 16, 2021, and the warrant issued on December 14, 2020, tolled Brown's term of community control until he appeared before the trial court on May 25, 2021, the trial court had authority to conduct the community control violation proceedings. *Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, at ¶ 18; R.C. 2951.07; *Marlow*, 2d Dist. Montgomery No. 28216, 2019-Ohio-3393, at ¶ 6. Accordingly, Brown's assignment of error is not well-taken.

### III.    Conclusion

{¶ 27} For the foregoing reasons, the August 12, 2021 judgment of the Wood County Court of Common Pleas is affirmed. Brown is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.          _____
                                                            JUDGE
Myron C. Duhart, P.J.
CONCUR.                         _____
                                                            JUDGE


Gene A. Zmuda, J.
CONCURS AND WRITES              _____
SEPARATELY.                                            JUDGE

**ZMUDA, J.**

{¶ 28} The majority addresses the issue of written notice, and while I agree with the well-reasoned analysis regarding notice and the application of Crim.R. 49, I find the issue of actual notice is dispositive in this case.

{¶ 29} Brown acknowledged he changed addresses quite often, but rather than designate a timeline for each move, he argues the record is "unclear," and blames the trial court's outdated information on his probation officer's failure to diligently track his whereabouts. A condition of Brown's probation, however, included keeping his probation officer informed of his current whereabouts.

{¶ 30} The trial court originally sent notices to appellant at a Kensington Road address. Brown's probation officer had a W. Alexis Road address and listed this address on his petition for revocation filed October 30, 2020. The trial court scheduled hearing on December 11, 2020, but sent notice to Brown at the Kensington Road address, in addition to sending notice to Brown's attorney. Brown spoke with his probation officer on the phone in advance of the December hearing, but failed to appear at the hearing. On May 18, 2021, Brown was taken into custody on a bench warrant, and he posted bond and provided a Central Avenue address. Thus, even if Brown's probation officer had ensured notice was sent to the W. Alexis Road address, Brown provided a different address, on Central Avenue, and Brown did not otherwise dispute knowledge of the December hearing.

13.

**{¶ 31}** As noted by the majority, Brown's probation officer spoke with Brown regarding his hearing on December 8, 2020. Brown did not dispute this conversation. Furthermore, Brown's trial counsel admitted that Brown knew he missed his court date on December 11, citing a lack of transportation as the reason for his failure to appear. "The purpose of notice requirements is to ensure that the opposing party is apprised of the motion and has the opportunity to present its case. * * * [U]nless the party who was not properly notified was prejudiced, the courts consider a violation of a rule of court to be harmless error." (Citation omitted*.) City of Lakewood v. Grundstein*, 8th Dist. Cuyahoga No. 84763, 2005-Ohio-2826, ¶ 14.

Here, Brown does not argue prejudice, but instead, ignores his decision to skip the December hearing in arguing that the resulting delay (beyond the term of his community control) prevented any hearing on the community control violation. It is well-settled law, however, that "a trial court is 'authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.'" *State v. Rue,* 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, ¶ 18, quoting *State ex rel. Hemsley v. Unruh,* 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13 (additional citations omitted.). Because the record demonstrates actual notice and a commencement of proceedings prior to the expiration of Brown's term of community

control, I would affirm based on this record, without the necessity of wading into the

merits of notice in criminal proceedings.  Accordingly, I respectfully concur.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.