[Cite as *State v. Brown*, 2023-Ohio-4436.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

    Plaintiff-Appellee,               :
                                         No. 22AP-542
v.                                                :       (M.C. No. 2019TRD-158828)

Jamaur D. Brown,                                  :       (REGULAR CALENDAR)

    Defendant-Appellant.              :

---

D E C I S I O N

Rendered on December 7, 2023

---

**On brief:** *Yeura R. Venters*, Public Defender, and *Leon J. Sinoff*, for appellant. **Argued:** *Leon J. Sinoff*.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Jamaur D. Brown, appeals from an entry of the Franklin County Municipal Court revoking his community control and imposing the balance of his previously suspended jail sentence. Plaintiff-appellee, State of Ohio, has not filed a brief in this matter.[1] For the following reasons, we reverse and remand for further proceedings.

---

[1] In a journal entry filed June 9, 2023, this court granted appellee's motion for an extension of time to file a brief and ordered that it be filed no later than July 10, 2023. Despite having been granted the extension, appellee never submitted a brief to this court. App.R. 18(C) provides that "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or with the time extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." However, this court may still consider the record in resolving appellant's assignments of error. *Cheap Escape Co., Inc. v. Tri[-]State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, ¶ 16 (10th Dist.).

## I. Facts and Procedural History

{¶ 2}   On February 19, 2020, appellant was arrested on a traffic complaint filed in the municipal court whereby the state charged appellant with five misdemeanor counts arising from an incident on July 20, 2019: (1) driving under financial responsibility law suspension, in violation of R.C. 4510.16(A), an unclassified misdemeanor (Count 1); (2) operating a motor vehicle without a valid license, in violation of R.C. 4510.12(A), an unclassified misdemeanor (Count 2); (3) failure to stop after an accident, in violation of R.C. 4549.02(A), a first-degree misdemeanor (Count 3); (4) driving while under suspension or in violation of license restriction, in violation of R.C. 4510.11, a first-degree misdemeanor (Count 4); and (5) failure to stop/yield at a stop sign, in violation of R.C. 4511.43(A), a minor misdemeanor (Count 5).

{¶ 3}   On February 20, 2020, while represented by a public defender, appellant entered a plea of not guilty.  On February 25, 2020, appellant, again while represented by a public defender, entered a negotiated guilty plea to Counts 1, 3, and 5; Counts 2 and 4 were dismissed as part of the plea agreement.  At a sentencing hearing held on July 28, 2020,  during which appellant was again represented by a public defender, the trial court, on Count 3, imposed a 180-day jail sentence, awarded appellant 7 days of jail-time credit for time served, suspended the remaining 173 days, and placed him on 2 years' community control.[2]  The trial court memorialized appellant's sentence in an entry filed the same day.

{¶ 4}   On June 15, 2021, the state filed a notification of violation of the no possession or consumption conditions of his community control and requested the trial court indicate the action to be taken.  The trial court advised the state to file a statement of violations.

{¶ 5}   On July 8, 2022, the state filed a statement of violations alleging appellant had violated several terms of his community control; the statement of violations noted that appellant's period of community control expired on July 28, 2022.  Also on July 8, 2022, the Franklin County Municipal Court Department of Probation Services filed a "Hearing Date Request Form" requesting a revocation hearing on "T/Wed for [probation officer]

---

[2] On Count 3, the trial court also fined appellant $300 and suspended his driver's license for two years. On Counts 1 and 5, respectively, the court fined appellant $250 and $50, but suspended those fines.

availability." The form indicated that a hearing was set for August 9, 2022. The trial court's docket includes the following three entries on July 11, 2022:

> [1.] Post Sentence Hearing
>
> [2.] Revocation Hearing Scheduled – GNRH - Green
> Event: Revocation Hearing – Gree
> Date: 08/09/2022  Time: 10:30 am
> Judge: Green, James E  Location: 12A
> Located on the 12th Floor
>
> [3.] Notices Processed – NS

(Emphasis omitted.)

{¶ 6}  At the August 9, 2022 revocation hearing, appellant appeared without his public defender or other counsel. After informing appellant of the purpose of the hearing—a probation revocation matter—the court immediately presented appellant with three options: (1) admit the community control violations, (2) deny the community control violations, or (3) have the case continued so he could consult an attorney. After indicating he understood the options presented by the trial court, appellant admitted the community control violations. The court found appellant in violation of his community control and asked appellant if he wished to immediately proceed with mitigation or schedule a mitigation hearing for a later date. Choosing to proceed immediately with mitigation, appellant apologized for violating the terms of his community control. Upon questioning by the trial court, appellant admitted he would test positive for marijuana if he provided a urine sample that day. The trial court then revoked appellant's community control and imposed the previously suspended 173-day jail sentence, to be enforced on September 30, 2022. Appellant asked the court why he was "get[ting] 170 days on my first [dirty urine]" and requested that he be permitted to enter a drug program. (Aug. 9, 2022 Tr. at 5.) Thereafter, a discussion was held off the record. The transcript of the hearing reveals that the proceedings were never resumed on the record. The trial court journalized the revocation of appellant's community control and imposition of the previously suspended

jail sentence in an August 9, 2022 entry.  Appellant filed a notice of appeal on September 8, 2022.[3]

## II. Assignments of Error

{¶ 7}   Appellant advances the following two assignments of error for our review:

> [I.] The trial court violated appellant's constitutional rights to due process of law, and Ohio's statutory probation scheme, when it revoked his community control after his term of community control had expired.

> [II.] The trial court violated appellant's constitutional rights to the assistance of counsel when it denied appellant the right to counsel at his probation revocation hearing.

## III. Analysis

{¶ 8}   In his first assignment of error, appellant argues the trial court lacked authority to conduct the proceedings on August 9, 2022 which resulted in the revocation of his community control and imposition of the previously suspended jail sentence because those proceedings occurred after his term of community control expired on July 28, 2022. Appellant maintains that by imposing a jail sentence without legal authority to do so, the trial court violated his constitutional right to due process of law and Ohio's statutory probation scheme.  Accordingly, contends appellant, this court must vacate the trial court's judgment, deem him to have completed community control, and discharge him.

{¶ 9}   In support of his argument, appellant relies on the Supreme Court of Ohio's decision in *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706.

{¶ 10}  However, in our view, appellant reads *Rue* too broadly.  Appellant points this court to the Supreme Court's holding in *Rue* that "R.C. 2929.15(A)(1) provides that in the event of certain tolling events, 'the period of the community control sanction ceases to run until the offender is brought before the court *for its further action*.' " (Emphasis sic.) *Id.* at ¶ 32, quoting R.C. 2929.15(A)(1).  But in *Rue*, the issue the Supreme Court accepted for review and determination concerned whether community control is tolled automatically, without any court action, when a defendant absconds during the term of community control.  Indeed, the court determined the issue to be whether the language of R.C.

---

[3] In an entry filed September 22, 2022, the trial court denied appellant's motion to stay execution of his sentence pending appeal to this court. However, by journal entry filed September 28, 2022, this court granted appellant's September 26, 2022 motion to stay imposition of his jail sentence pending appeal.

2929.15(A)(1) regarding an offender's absconding is self-executing so as to automatically toll an offender's term of community control without any action by the trial court. *Id.* at ¶ 29. The court's analysis and application of the pertinent language in R.C. 2929.15(A)(1), including the language about an offender being "brought before the court," was made in the context of addressing that narrow question. Appellant excerpts portions of the court's analysis and broadly applies them to the circumstances of his case. However, the circumstances of his case differ significantly from those in *Rue*. The court reached the issue of whether the offender absconded because there was no notice of violation filed within the community control period. It considered the issue of tolling due to the offender absconding because "proceedings initiated after [the community control] expiration date would seemingly be too late unless some other circumstance [i.e., tolling due to absconding] intervened to render that apparent expiration date inoperative." *Id.* at ¶ 20.

{¶ 11} Here, the state filed a statement of violations on July 8, 2022 during the term of his community control. Although the probation violation hearing and sentence imposed occurred outside the period of community control, as the *Rue* court confirmed, a trial court is permitted to proceed "provided that the notice of violations was properly given" and the " 'proceedings were commenced before the expiration.' " (Emphasis omitted.) *Id.* at ¶ 18, 56, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13. Because there was no statement of violation filed in *Rue*, the court had no cause to consider whether a notice of violations is "properly given" or when proceedings are "commenced" under circumstances not involving an absconding offender.

{¶ 12} Appellant acknowledges the state filed a statement of violations within the community control term. He advances no argument that the statement of violations was not properly given, and his argument regarding when proceedings are "commenced" stems from his flawed interpretation and application of *Rue*. This court and others have found that proceedings have been commenced where a statement of violations has been filed and a hearing has been set. *See State v. Thomas*, 10th Dist. No. 13AP-985, 2014-Ohio-2912, ¶ 18 (the court had jurisdiction to proceed where the probation officer "filed the statement of violation * * * and an entry setting a revocation hearing was filed" prior to the expiration of community control); *State v. Semenchuk*, 4th Dist. No. 10CA3140, 2010-Ohio-4864, ¶ 7 (the trial court did not lack jurisdiction to impose the sentence at a hearing held after the

expiration of community control where the probation officer filed a violation of community control and the matter was set for a hearing before the term had expired).

{¶ 13} The holdings in *Thomas* and *Semenchuk* apply here. The state filed a statement of violations on July 8, 2022, and the trial court's docket indicates that a hearing date was set on July 11, 2022. Both events occurred prior to the expiration of community control on July 28, 2022. Appellant does not challenge these events, nor does he contend he was not notified of the proceedings to be held on August 9, 2022. Indeed, appellant appeared at the hearing.

{¶ 14} On the record before this court, we cannot conclude the trial court violated appellant's constitutional right to due process of law and Ohio's statutory probation scheme in conducting the community control violation proceedings. Because the statement of violations was filed and the proceedings commenced before appellant's term of community control was set to expire on July 28, 2022, the trial court had authority to conduct the community control violation proceedings. *Rue* at ¶ 18, 56. Accordingly, appellant's first assignment of error is not well-taken and is overruled.

{¶ 15} Having determined the trial court had authority to conduct the community control violation proceedings, we turn now to appellant's second assignment of error, where he argues he was denied his constitutional right to assistance of counsel at those proceedings.

{¶ 16} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide a criminal defendant the right to the assistance of counsel. *State v. White*, 10th Dist. No. 21AP-337, 2022-Ohio-665, ¶ 19, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 22. The right to counsel applies in misdemeanor cases, including petty offense cases, that could result in a term of imprisonment. *Id.*, citing *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, ¶ 17 (7th Dist.). Further, the right to counsel extends to cases involving a suspended sentence capable of subsequent revocation that would result in incarceration. *Id.*, citing *State v. Davis*, 2d Dist. No. 23248, 2009-Ohio-4786, ¶ 32, citing *Alabama v. Shelton*, 535 U.S. 654 (2002).

{¶ 17} Under Crim.R. 2(D), a "[p]etty offense" is defined as "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "[s]erious offense" as "any felony, and any

misdemeanor for which the penalty prescribed by law includes confinement for more than six months." In the present case, appellant was convicted of failure to stop after an accident, a first-degree misdemeanor punishable by a maximum of 180 days confinement. R.C. 4549.02(A)(1) and (B)(1); 2929.24(A)(1). That offense was therefore a petty offense under Crim.R. 2(D).

{¶ 18} Crim.R. 32.3 controls probation revocation proceedings and provides in part:

**(A) Hearing**

The court shall not * * * revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.

**(B) Counsel**

The defendant shall have the right to be represented by retained counsel and shall be so advised. * * * Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

**(C)  Confinement in petty offense cases**

If confinement after conviction was precluded by Crim.R. 44(B), revocation of probation shall not result in confinement.

If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R. 44(B).

**(D) Waiver of counsel**

Waiver of counsel shall be prescribed in Crim.R. 44(C).

{¶ 19} Further, a criminal defendant has an independent constitutional right of self-representation in criminal proceedings. *White* at ¶ 24, citing *Martin* at ¶ 23; *Faretta v. California*, 422 U.S. 806, 819 (1975). A defendant may defend himself without the assistance of counsel where he voluntarily, intelligently, and knowingly elects to do so. *White* at ¶ 24, citing *Martin* at ¶ 24, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976).

{¶ 20} Courts must indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. *White*

at ¶ 25, citing *State v. Dyer*, 117 Ohio App.3d 92, 95 (2d Dist.1996).  A court cannot infer a criminal defendant's waiver of counsel from the defendant's silence.  *Id.*, citing *State v. Wellman*, 37 Ohio St.2d 162 (1974), paragraph two of the syllabus.  Instead, the waiver must affirmatively appear in the record.  *Id.*, citing *Wellman* at paragraph two of the syllabus. Moreover, the state bears the burden of overcoming the presumption against a valid waiver. *Id.*, citing *Wellman* at paragraph two of the syllabus.  In determining whether a defendant voluntarily, intelligently, and knowingly waived the right to counsel, an appellate court conducts an independent review based on the totality of the circumstances.  *Id.*, citing *State v. Perdue*, 2d Dist. No. 23151, 2010-Ohio-565, ¶ 43, citing *State v. Gatewood*, 2d Dist. No. 2008 CA 64, 2009-Ohio-5610, ¶ 33.

{¶ 21}  Here, appellant appeared at the revocation hearing unaccompanied by the public defender who represented him in the prior guilty plea and sentencing proceedings or any other counsel.  Although the trial court alluded to an attorney, it was only in the context of informing appellant that he could admit or deny the community control violations or have the case continued so he could consult an attorney.  Even if it could be inferred that the trial court's comment made appellant aware that an attorney could participate in a revocation hearing, the trial court did not engage in the appropriate colloquy with appellant regarding his constitutional right to counsel and whether he intended to waive that right before revoking his community control and imposing the balance of his suspended jail sentence.

{¶ 22}  As we held in *White*, "pursuant to Crim.R. 32.3 and 44, in the absence of a valid waiver, in open court, of [White's] right to counsel, the court could not lawfully revoke [White's] probation and impose the balance of his suspended sentence."  *Id.* at ¶ 27.  The record in this case does not demonstrate that appellant voluntarily, knowingly, and intelligently waived his right to counsel before the trial court revoked his community control and imposed the balance of the previously suspended jail sentence.  Accordingly, the trial court denied appellant his constitutional right to counsel.  We thus sustain appellant's second assignment of error.

**IV. Conclusion**

{¶ 23}  For the foregoing reasons, the trial court had authority to conduct the community control revocation proceedings, but erred when it denied appellant his right to

counsel at those proceedings.   Consequently, appellant's first assignment of error is overruled, his second assignment of error is sustained, and we reverse the judgment of the Franklin County Municipal Court revoking appellant's community control and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part;*
*reversed in part and cause remanded.*

LUPER SCHUSTER & LELAND, JJ., concur.

———————